NO. 23-2557

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

LARRY JONES,
Defendant-Appellant.

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20 cr 00309-1

Honorable. Virginia M. Kendall, Judge Presiding.

---

REPLY BRIEF FOR
LARRY JONES DEFENDANT-APPELLANT

---

ALLAN A. ACKERMAN
Attorney at Law
Counsel of Record
19 S. LaSalle Street, Suite 502
Chicago, Illinois 60603
Telephone: 312- 332-2891
Facsimile: 312-750-1595
Email: profaaa@aol.com

Counsel for Larry Jones
Defendant-Appellant

---

ORAL ARGUMENT REQUESTED

Save As     Clear Form

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 23-2557

Short Caption: United States v. Larry Jones

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Larry Jones

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Phillip Turner, Law Offices of Phillip A. Turner and Debra Loevy, Loevy & Loevy

(3) If the party, amicus or intervenor is a corporation:

 i) Identify all its parent corporations, if any; and

 N/A

 ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

 N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/Allan A. Ackerman     Date: March 22, 2024

Attorney's Printed Name: Allan A. Ackerman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     Yes [✓]     No [ ]

Address: 19 S. LaSalle Street, Suite 502, Chicago, IL 60603

Phone Number: 312/332-2891     Fax Number: 312/750-1595

E-Mail Address: profaaa@aol.com

rev. 12/19 AK

TABLE OF CONTENTS

Circuit Rule 26.1 Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

      CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

      STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

CORRECTED JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-12

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

CASES

**I.    Whether the District Court Erred by Including as Uncharged Relevant Conduct Drug Amounts and Violent Acts from a Time Period Distinct from that Appearing in Defendant's Drug Trafficking/Money Laundering Indictment?** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Molina-Martinez v. U.S., 578 U.S. 189 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

On Lee v. U.S., 343 U.S. 747 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Seshardi v. Kasraian, et al, 130 F.3d 798 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . 5-6

U.S. v. Bernal-Obeso, 989 F.2d 331 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. v. Brasher, 105 F.4th 1002 (7th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . 9-12

U.S. v. Brooks, 125 F.3d 484 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. v. Cornell, 972 F.3d 932 (7th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

U.S. v. Ebbole, 917 F.2d 1495 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. v. Grigsby, 692 F.3d 778 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. v. Johnson, 437 F.3d 665 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. v. Martin, 122 F.4th 286 (7th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

U.S. v. Rollerson, 7 F.4th 565 (7th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

U.S. v. Speed, 656 F.3d 714 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. v. Taylor, 569 F.3d 742 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. v. Wallach, 935 F.2d 445 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## CONSTITUTION, STATUTES AND RULES

### RULES

Federal Rules of Appellate Procedure 32(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . 14

Federal Rules of Appellate Procedure 31(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . 14

Federal Rules of Appellate Procedure 32(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . 14

# I.

# CORRECTED JURISDICTIONAL STATEMENT

The government's jurisdictional statement includes: "On July 20, 2023, defendant was sentenced by the District Court to 96 months' imprisonment. R. 155, 188.

That is incorrect: The District Court imposed a custodial sentence of 188-months. See R. 206. App. 75-82 to Jones' opening brief.

# II.

# ISSUE PRESENTED FOR REVIEW

**I.     Whether the District Court Erred by Including as Uncharged Relevant Conduct Drug Amounts and Violent Acts from a Time Period Distinct from that Appearing in Defendant's Drug Trafficking/Money Laundering Indictment?**

# III.

# STATEMENT OF THE CASE

Jones' presented his statement of the case at pp. 2-32 of his opening brief. The government recited its statement of the case at pp. 2-20 in its answering brief.

Little is gained by needless repetition; Jones' eschews any further comments concerning the facts below other than might be required in his response to the argument segment of the government's answering brief.

## IV.

## SUMMARY OF ARGUMENT

The sentencing court erred by including Dante Dockett's six (6) murders and multiple attempt murders which took place in Kankakee and Chicago between 2015 and 2017. Dockett's drug dealings occurred during the same timeframe and his suppliers included "Big Don," Jones and unnamed others. The government successfully urged the sentencing court to incorporate Dockett's multiple acts of violence and drug dealing as part of defendant's "relevant conduct." However, the charges against defendant in indictment 20 CR 309 encompassed drug and money laundering–related offenses occurring from about August 2018 to September 2019.

Similarly, the sentencing court embraced the government's relevant conduct arguments regarding Jamar Spencer who concededly–had drug dealings with defendant. But, at the same time, Spencer had his own drug suppliers and trafficking crew which was apparently active until his arrest during Father's Day weekend, 2020, in connection with Indictment 20 CR 311. That indictment charged Spencer and others with possessing a firearm as a convicted felon.

In the ensemble, the relevant conduct offense levels added approximately 10-years or 120-months to defendant's 188-month sentence.

# V.

# ARGUMENT

**I.     Whether the District Court Erred by Including as Uncharged Relevant Conduct Drug Amounts and Violent Acts from a Time Period Distinct from that Appearing in Defendant's Drug Trafficking/Money Laundering Indictment?**

**A.     STANDARD OF REVIEW:**

In <u>U.S. v. Martin</u>, 122 F.4th 286 (7th Cir. 2024), the court, while affirming Devontae Martin's meth-drug 30-year sentence, the court reminded defense and government appellate lawyers that the reviewing standard is *de novo*. In part, the <u>Martin</u> opinion recites:

> Devontae Martin received a life sentence for his role in a July 2017 federal drug offense in which a fellow drug dealer shot and killed a local car wash owner believed to possess a substantial stash of cocaine. We have little trouble affirming Martin's sentence. *But we do so by undertaking our own independent review of the sentencing hearing, rejecting the government's invitation to review only for plain error*. We have held many times over in recent years that a defendant like Martin need not object at sentencing to an error believed to occur during sentencing itself to preserve the issue for *de novo* review on appeal. * * *. That is exactly the circumstance here. We are running low on patience with the lack of adherence to our precedent in this area.

<u>Martin</u>, 122 F.4th at 287-88 (citations omitted, emph. in original).

**B.   ARGUMENT AND AUTHORITIES SUPPORTING REVERSAL AND REMAND OF LARRY JONES' SENTENCING.**

The district court articulated its primary basis for adding a significant dosage of relevant conduct to Larry Jones–reasoning that Messrs. Dockett and Spencer corroborated one another. Tr. 202-03.

Mr. Spencer, supported only by his plea agreement, testified that during late 2016, 2017 and 2019 Jones was only one of his several drug suppliers. Tr. 85-86. And, Spencer agreed that he was testifying to get a lower sentence and had been charged in a separate case before another federal judge with felony drug possession. But there would be no jail time for that because that case was dismissed as part of his plea agreement. Tr. 83-85.

During the same years Spencer–like Jones–were members of the "Stones." Tr. 93-94. As such, Spencer had his own crew selling drugs. Tr. 83-90. Notwithstanding having over 15-20 people selling drugs for him, he was not charged with having his own drug organization; only with conspiring with Jones and Ms. Fountain to possess and sell drugs from early August 2018 to early September 2019.

And, Dante Dockett, an acknowledged mass murderer and dope dealer, testified he was paroled during October 2015. He was out for about two years and was arrested during late September 2017. From all that appears, he has remained in custody since September 2017. Tr. 128-29. But Jones pled guilty to Count One charging him with conspiring to sell dope from about early August 2018 to early

September 2019. Mr. Dockett was not buying or selling dope–or committing murders because he was in custody from since September 2017.

At pp. 38-39 of its answering brief, the government maintains that Spencer and Jones were credible because, *inter alia*, their testimony did not defy the "laws of nature." For its part, the government cites Seventh Circuit authority for the proposition that because the testimony offered by Spencer and Dockett did not defy the "laws of nature," [then] of necessity, the sentencing judge did not err while finding they were credible because they corroborated each other.[1]

Not so. In Seshardi v. Kasraian, et al, 130 F.3d 798 (7th Cir. 1997), the court held that the district court's grant of summary judgment in favor of the defendants was sustainable on appeal. However, and critically, this Court observed:

> We disagree. The "laws of nature" formulation is an exaggeration designed to underscore the limited scope of appellate review of determinations of credibility, rather than a precise and exhaustive statement of the test for determining that scope. The example we gave earlier of an affidavit that contradicts the witness's deposition shows that the test of physical impossibility is not exhaustive. The Supreme Court has noted that "factors other than demeanor and inflection go into the decision whether or not to believe a witness. *Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it. Where such factors are present, the court of appeals may well find clear error even in a*

---

[1] The "laws of nature" authorities cited by the government at p. 38 include U.S. v. Grigsby, 692 F.3d 778, n. 2 (7th Cir. 2012), U.S. v. Speed, 656 F.3d 714, 718 (7th Cir. 2011) (quoting U.S. v. Johnson, 437 F.3d 665, 675 (7th Cir. 2006)). Appellate counsel for Jones agrees that the government's citations to Grigsby, Speed and Johnson are accurate.

5

> *finding purportedly based on a credibility determination.*" *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

Seshardi, 130 F.3d at 801-02 (emph. added).

Record repristination reveals that Messrs. Spencer and Dockett were informants. Plain and simple. And while the government pooh-poohs that appellation, both testified in order to gain significant sentencing benefits.

Regarding the use of informants, over 72 years ago, Mr. Justice Jackson discussed the government's use of informants in On Lee v. U.S., 343 U.S. 747 (1952), Justice Jackson's classic observations include:

> "The use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' may raise serious questions of credibility."

On Lee, 343 U.S. at 757. See also U.S. v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993) ("By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom."). *Cf.* U.S. v. Wallach, 935 F.2d 445 (2nd Cir. 1991) (convictions reversed because government should have known witness was committing perjury).[2]

---

[2] At p. 39 of its brief, the government acknowledges Seventh Circuit Pattern Jury Instruction 3.05 directing jurors to consider informant testimony "with great care." The government eschews discussing precedent undermining the credibility of informants who are receiving benefits based on their testimony.

6

◆ Comments concerning waiver and the failure of trial counsel to discuss sentencing issues concerning temporal proximity, et al., are designed to induce reply brief counsel to urge this Court to consider ineffective assistance of counsel on direct appeal. Undersigned counsel is aware of the many decisions from this Court urging that issues concerning ineffective assistance of counsel "not be raised on direct appeal." U.S. v. Brooks, 125 F.3d 484, 495-96 (7th Cir. 1997) (and U.S. v. Taylor, 569 F.3d 742, 747-48 (7th Cir. 2009) (Taylor also explains "[A] defendant who presents an ineffective-assistance claim for the first time on direct appeal has little to gain and everything to lose.") supporting citation omitted).

Thereafter, from pp. 23-30 of its brief, the government speculates that defense counsel was strategizing, or had a strategy, that by using the appellation "overstated," while referring to the uncharged putative relevant conduct–Jones might succeed in getting his BOL lowered for acceptance of responsibility. Stated otherwise, the government's conjecturing includes–that it was defense counsel's strategy to downplay the relevant conduct (only claiming it was "overstated" in exchange for securing acceptance of responsibility.). Government's Brief at pp. 23-30.

From its inception, the government's argument is frivolous, meritless and without record support. Defense counsel had argued that Jones, along with Spencer and Ms. Fountain were involved with approximately 178 grams of heroin that was sold by them between early August 2018 and early September 2019. That

7

gave rise, according to defense counsel, of a BOL of 24 and with acceptance of responsibility it would be reduced to sentencing level 21. Defense counsel urged that a five year prison sentence was more than adequate under the circumstances because Jones was 42 years old, with no current criminal history (last 15 or more years), and that would provide adequate time for him to improve himself while in BOP custody. Jones sentencing memo, 4/7/23 at App. 38-45 to Jones' opening brief.

And, while defense counsel's repeated assertions that the government's uncharged, drug-related–claimed relevant conduct was "overstated," and failed to invoke current authority on why it should not have been considered by the district court was awkward or clumsy, that's a far cry from having some specific strategy to save acceptance of responsibility.

In reality, the government's theory is meritless because strident successful challenges to relevant conduct may have culminating in leaving the based offense level at 24 or 25 and even without acceptance of responsibility the resulting guidelines range would have been 27 or 28–yielding somewhere around 80 to 85 months rather than 188 months. So much for the government's somewhat bewildering defense strategy theory.

◆     Jones perpetuates his challenge to the sentencing court's embracing the government's relevant conduct arguments, while nothing that Seventh Circuit precedent supports the proposition that the government's burden of proof includes that the evidence of relevant conduct must be reliable. See U.S. v. Cornell, 972

F.3d 932, 939 (7th Cir. 2020) (noting that evidence of relevant conduct must be reliable, and the government bears the burden of proving it by a preponderance of the evidence). And, concerning whether Jones was prejudiced by the sentencing court's relevant conduct inclusion, in Molina-Martinez v. U.S., 578 U.S. 189, 200 (2016), the Court explained how to measure prejudice in a federal sentencing context ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome.").

◆　　At pp. 35-36 of his brief the government chides Jones for placing "undue reliance" on U.S. v. Brasher, 105 F.4th 1002 (7th Cir. 2024). The Brasher Court, *inter alia*, explained:

> But that lack of temporal proximity only gets *Brasher* so far, setting a higher bar for similarity and/or regularity. *Ortiz*, 431 F.3d at 1041. Here, we are satisfied that there was sufficient similarity between the offense of conviction and the uncharged conduct to satisfy the plain error standard.

Brasher, 105 F.4th at 1007.[3]

The Brasher facts included a meth buyer contacting DEA when Brasher and his partner showed up at their home in downstate Illinois with a pound of meth. The buyer stalled for time, called DEA and DEA watched as Brasher and his partner returned to the home. The package of 99% pure–416.7 grams of meth were

---

[3] Brasher was decided on 6/28/24 but may have been superseded concerning standard of review by U.S. v. Martin, decided on 12/2/24, cited by Jones at p. 3, *ante*.

turned over to DEA. Brasher and his partner were arrested. Brasher told the police that he had about 100 pounds of meth on the streets and he owed money to his supplier in Mexico. Brasher at 105 F.4th 1003-04. Within a month, Brasher and his partner were indicted for conspiracy to distribute meth. Brasher pled guilty and his unchallenged relevant conduct included at least a quartet of past drug deals.

The Brasher Court detailed some of the prior drug deals from Alabama and elsewhere, along with Brasher being stopped in Kansas where a search of his vehicle yielded $34,000 in plastic wrapped packages. Brasher's drug dealings included the seizure of physical evidence continued in Illinois. On or about 7/15/20 there was a controlled delivery of meth along with the seizure of two pounds of 99% pure meth. Various informants also provided physical evidence as well as information regarding the delivery of one or two pounds of pure meth ("ice") between 10 and 15 times. *Id.* at Tr. 104-05.

But there was more. Federal agents intercepted calls between Brasher and an informant where they discussed another shipment and future shipments of meth and cocaine. That ultimately involved a package containing 80 grams of cocaine along with another package containing almost 1600 grams of meth, 77 grams of cocaine and over a pound of marijuana–all seized by federal agents. *Ibid*.

In Brasher, in stark contrast to the case at hand–the government's relevant conduct was real–physical exhibits based on DEA seizures. However, at bar, neither informant produced anything other than their mutual (and apparently interlocking) plea agreements in support of the government's relevant conduct

importunings.

Neither before nor during his sentencing did Brasher challenge any of the putative relevant conduct described by this Court as part of his direct appeal.

On direct appeal, the court held, citing U.S. v. Rollerson, 7 F.4th 565, 572 (7th Cir. 2021), that, regarding relevant conduct:

> At the same time, the mere "fact that a defendant engaged in other uncharged or acquitted drug transactions" is not enough.

The Brasher Court explained that to bridge the gap between past conduct and the offense of conviction "we look for significant similarity, regularity and temporal proximity between the offense of conviction and the other conduct. Brasher at 1006.

Brasher, on direct appeal, *in stark contrast to the case at bar*, conceded that he had not raised any relevant conduct challenges prior to or during sentencing. This Court held that since there were no challenge(s) in advance of direct appeal, his relevant conduct challenge(s) would not survive plain error review. *Id.* at 1006.

With that background, Jones maintains that the issues concerning temporal proximity and reliability of putative relevant conduct are not the subject of plain error because the sentencing court considered the arguments of counsel, at least under the guise of "overstated," which the sentencing court acknowledged was the challenge to the relevant conduct quantitative findings.

And while the Brasher Court declined granting any relief, Judge Jackson-Akiwumi's concurring opinion includes her analytical approach to the utilization

11

*vel non* of relevant conduct, and its almost unbridled impact on federal sentences.

Importantly, she cited Seventh Circuit authority reaching back to U.S. v. Ebbole, 917 F.2d 1495, 1501 (7th Cir. 1990). Her comments included that "we urge[d] prosecutors not to indictment defendants on relatively minor offenses and then seek enhanced sentences later under the relevant conduct guideline." 104 F.4th at 1010-1013 (reviewing 7th Circuit precedent concerning relevant conduct while expressing her disquietude at current Circuit precedent).

At bar, Larry Jones respectfully urges the court to embrace Judge Jackson-Akiwumi's Brasher concurring opinion while vacating and remanding Jones' 188-month custodial sentence.

*Conclusion on following page*

## VI.

## CONCLUSION

Larry Jones, defendant-appellant, respectfully moves that, in accordance with his foregoing arguments, this Court enters its order or orders vacating his 188-month custodial sentence and remand his sentencing for further proceedings.

                                            Respectfully submitted,

                                            /s/ Allan A. Ackerman

ALLAN A. ACKERMAN
Attorney at Law
Counsel of Record
19 S. LaSalle Street, Suite 502
Chicago, Illinois  60603
Telephone:  312- 332-2891
Facsimile:   312-750-1595
Email: profaaa@aol.com

Counsel for Larry Jones
Defendant-Appellant

RULE 32 CERTIFICATION

The undersigned certifies that this reply brief complies with the volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32 in that it contains 2,813 words as shown by Word Perfect 12 used in preparing this brief.

This reply brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 31(a)(5), 32(a)(6), and Circuit Rule 32 as it has been prepared using Word Perfect 12 proportionally spaced typeface of Times New Roman with 14-point font throughout.

/s/ Allan A. Ackerman
Counsel for Larry Jones
Defendant-Appellant

Dated: January 15, 2025

NO. 23-2557

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

LARRY JONES,
Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-CR-00309-1
Honorable. Virginia M. Kendall, Judge Presiding.

NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  Mr. Christopher G. Conway, Clerk of the Court, United States Court of Appeals, 219 S. Dearborn St., Chicago, IL 60604

Mr. Michael Maione, Assistant U.S. Attorney
219 S. Dearborn St., Ste 500, Chicago, IL 60604
Michael.Maione@usdoj.gov

Please take notice that on January 15, 2025, using the Seventh Circuit CM/ECF System, we electronically filed Larry Jones' Reply Brief in the above-captioned appeal. Undersigned counsel of record, certifies that he electronically served the foregoing Reply Brief on the Office of the United State's Attorney in Chicago on January 15, 2025 via the Seventh Circuit CM/ECF System.

|  |  |
|---|---|
| Allan A. Ackerman, Esq.<br>Attorney at Law<br>19 S. LaSalle Street, Suite 502<br>Chicago, Illinois  60603<br>Telephone: (312) 332-2891<br>Facsimile: (312) 750-1595<br>Email: profaaa@aol.com | s/ Allan A. Ackerman<br>Allan A. Ackerman,<br>Appellate Attorney for Larry Jones |